**[ORAL ARGUMENT HELD AUGUST 21, 2024]**

Nos. 24-3089, 24-3094

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

STATE OF ALASKA, et al.,

    Plaintiffs-Appellees / Cross-Appellants,

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

    Defendants-Appellants / Cross-Appellees.

On Appeal from the United States District Court for the District of Kansas
District Court Case No. 6:24-CV-01057-DDC-ADM (Judge Daniel D. Crabtree)

**SUPPLEMENTAL BRIEF FOR APPELLANTS / CROSS-APPELLEES**

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

MICHAEL S. RAAB
THOMAS PULHAM
SIMON C. BREWER
SARAH N. SMITH
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7529*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 616-5367*

# TABLE OF CONTENTS

**Page**

GLOSSARY ................................................................................................................. ii

INTRODUCTION ..................................................................................................... 1

DISCUSSION ............................................................................................................. 1

    I.    The Eighth Circuit's Opinion ....................................................................... 1

    II.   Effect on the Pending Appeals ..................................................................... 3

CONCLUSION .......................................................................................................... 7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# GLOSSARY

| | |
|---|---|
| ICR | Income Contingent Repayment |
| REPAYE | Revised Pay As You Earn |
| SAVE | Saving on a Valuable Education |

## INTRODUCTION

Pursuant to this Court's February 20, 2025 order, the United States Department of Education and the Secretary of Education[1] (collectively, the Department) respectfully submit this supplemental brief regarding the effects of the recent decision by the U.S. Court of Appeals for the Eighth Circuit in *Missouri v. Trump*, --- F.4th ---, 2025 WL 518130 (8th Cir. Feb. 18, 2024). The abatement of these appeals should continue.

## DISCUSSION

### I. The Eighth Circuit's Opinion

The Eighth Circuit appeals arose from the same Final Rule at issue in this case. *See* 88 Fed. Reg. 43,820 (July 10, 2023). The Final Rule modified certain features of an existing income contingent repayment (ICR) plan, known as the Revised Pay As You Earn (REPAYE) plan, and renamed it the Saving on a Valuable Education (SAVE) plan. *See id.* at 43,820-21. The Eighth Circuit concluded that the State plaintiffs were "likely to succeed in their claim that the Secretary's authority to promulgate ICR plans does not authorize loan forgiveness at the end of the payment period." 2025 WL 518130, at *1.

---

[1] Linda McMahon was appointed Secretary of Education on March 3, 2025. She is automatically substituted as a party pursuant to Federal Rule of Appellate Procedure 43(c)(2).

First, the Eighth Circuit held that the State of Missouri had standing to challenge the Final Rule. 2025 WL 518130, at *4-6. That holding rested on the Supreme Court's prior conclusion that "Missouri suffers a cognizable financial harm when the Secretary enacts a plan that discharges student loans and closes accounts serviced by MOHELA," a Missouri state instrumentality. *Id.* at *5 (citing *Biden v. Nebraska*, 600 U.S. 477, 490 (2023)). The court did not address the other standing theories pressed by the plaintiffs. *See id.* at *5-6.

The Eighth Circuit then turned to the merits, concluding that "the states are likely to succeed in their claim that the Secretary cannot forgive loans through an ICR plan." 2025 WL 518130, at *6. The court rejected the Department's argument that the statutory text authorizing ICR plans requires the forgiveness of any remaining balance at the end of the loan-repayment term. *See id.* at *7. Instead, the court determined that the relevant statutory language requires the Department to "consider[] *both* income and the loan balance together" when setting loan payments "to ensure the borrower contributes a sufficient portion of her income to repay her loan" by the end of the repayment term. *Id.* In light of that merits holding, the court concluded that the other preliminary-injunction factors also favored the plaintiffs. *See id.* at *10-11.

Turning to the scope of relief, the Eighth Circuit concluded that the entire Final Rule creating the SAVE plan should be preliminarily enjoined. 2025 WL 518130, at *11. That holding reflected the court's view that, where one provision of a

2

rule is held to be likely unlawful, "the default scope of preliminary relief should apply to the rule as a whole unless the offending provision is severable." *Id.* The court concluded that because "[t]he forgiveness provisions undergird the entire SAVE plan," they "are not severable" and "[e]njoining forgiveness necessitates enjoining the entire rule." *Id.* at *12. The court further held that, although "the pre-amendment REPAYE forgiveness provision" ordinarily "could be reinstated" if the SAVE rule were enjoined, "this case presents such special circumstances" as to justify deviation from that general principle. *Id.* As a result, the court held that loan forgiveness under the prior REPAYE provisions should be preliminary enjoined as well. *See id.*

The injunction pending appeal previously entered by the Eighth Circuit, *see Missouri v. Biden*, 112 F.4th 531, 538 (8th Cir. 2024) (per curiam), currently remains in effect. It will dissolve once the *Missouri* district court has modified its preliminary injunction following issuance of the Eighth Circuit's mandate. *See* 2025 WL 518130, at *12.

## II. Effect on the Pending Appeals

This Court should continue the abatement of these appeals at this time. The government is considering the effect of the Eighth Circuit's decision. Under the relevant rules, the government has 45 days from the entry of judgment to determine whether to seek rehearing of a decision of a court of appeals and 90 days to determine whether to petition for certiorari. *See* Fed. R. App. P. 40(d)(1); S. Ct. R. 13.1. A petition for rehearing or certiorari would therefore be due, respectively, on April 4,

3

2025, and May 19, 2025.  Only the Solicitor General can determine whether or not to seek rehearing en banc or certiorari.  *See* 28 C.F.R. § 0.20(a), (b).  Until the Solicitor General has rendered a determination, the government cannot represent whether it will or will not seek further review of the Eighth Circuit's decision.  Continued abatement of these appeals is therefore warranted.

Importantly, the Eighth Circuit's decision does not render this case moot.  A case becomes moot only when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotation marks omitted).  But "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (quotation marks omitted). The mere fact that "the practical impact of any decision is not assured" does not itself make a case moot. *Id.* at 175.

Accordingly, a ruling by another court does not moot a case challenging the same administrative action when further review of that ruling remains possible.  *Cf. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 n.7 (2005) (Delaware Supreme Court ruling did not render similar action moot because the defendant represented that it "w[ould] petition [the U.S. Supreme] Court for a writ of certiorari").  If the government were to seek and obtain an order overturning the other ruling, then the government would be free to implement the challenged policy but for the decision under review in this Court.  That principle is particularly applicable when preliminary injunctions are at issue.  Preliminary injunctions "do not

4

conclusively resolve legal disputes." *Lackey v. Stinnie*, 604 U.S. ---, 2025 WL 594737, at *4-5 (U.S. Feb. 25, 2025). They "preserve the relative positions of the parties" as the litigation moves forward based on a determination that "a plaintiff is *likely* to succeed on the merits." *Id.* at *4 (quotation marks omitted). It remains possible, therefore, that a permanent injunction could be denied, leaving the decision under review by this Court as the only operative injunction against the policy. *See, e.g., id.* at *5 ("The transient nature of preliminary injunctions is most apparent when a court reaches a different conclusion upon full consideration of the merits."). Because the relief approved by the Eighth Circuit in the *Missouri* litigation is neither final nor permanent, the parties have a sufficiently concrete interest to allow both appeals to proceed.

Consider, for example, the parallel challenges to the recission of the Deferred Action for Childhood Arrivals program at issue in *Department of Homeland Security v. Regents of the University of California*, 591 U.S. 1 (2020). In that case, "the Supreme Court reviewed three cases out of three courts in different circuits that raised the same issue, including two cases where the district courts had each entered nationwide preliminary injunctions against the government." *Florida v. Department of Health & Human Servs.*, 19 F.4th 1271, 1284 (11th Cir. 2021). "The government appealed all three rulings," and, after one court of appeals "affirmed the nationwide injunction, but before rulings issued from the other two circuits, the Supreme Court granted certiorari and consolidated the cases." *Id.*

5

In that circumstance, the Supreme Court offered no indication that one universal preliminary injunction renders moot an appeal of a separate preliminary injunction regarding the same policy. *See Regents*, 591 U.S. at 15-16. If the Supreme Court had thought there was a mootness problem—and therefore that "one or more of the courts that rendered the decisions it was reviewing lacked subject matter jurisdiction"—"it would have commented on that." *Florida*, 19 F.4th at 1285. Following that logic, the Eleventh Circuit has reviewed a preliminary injunction notwithstanding a universal preliminary injunction entered in a parallel case. *Id.* at 1279-86 (relying on the capable-of-repetition-yet-evading-review exception to mootness); *see also California v. U.S. Dep't of Health & Human Servs.*, 941 F.3d 410, 421-23 (9th Cir. 2019) (similar), *judgment vacated on other grounds*, 141 S. Ct. 192 (2020). A contrary rule could deprive the Supreme Court of the benefits of percolation among the courts of appeals. *Cf. United States v. Mendoza*, 464 U.S. 154, 160 (1984).

To be sure, this Court has held that "the grant of a preliminary injunction in one case" may sometimes "moot[] a plaintiff's subsequent request for similar relief in a different case." *We the Patriots, Inc. v. Grisham*, 119 F.4th 1253, 1257-59 (10th Cir. 2024). But that decision expressly distinguished cases involving "nationwide injunctions," citing the Ninth and Eleventh Circuits' holdings "that a nationwide injunction issued by a district court in another circuit does *not* moot an appeal regarding the grant or denial of a preliminary injunction" in cases challenging a federal government policy. *Id.* at 1258 (emphasis added). This Court noted that such

injunctions may be "particularly vulnerable due to judicial skepticism towards nationwide injunctions." *Id.* *We the Patriots* therefore does not compel dismissal of these appeals as moot.

## CONCLUSION

For the foregoing reasons, the abatement of these appeals should continue.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

MICHAEL S. RAAB
THOMAS PULHAM
 *s/ Simon C. Brewer*
SIMON C. BREWER
SARAH N. SMITH
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7529*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 616-5367*
  *Simon.C.Brewer@usdoj.gov*

March 2025

7

# CERTIFICATE OF COMPLIANCE

This brief complies with the page limit set by this Court's supplemental briefing order entered on February 20, 2025, because it does not exceed 15 pages. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Simon C. Brewer*
Simon C. Brewer

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Simon C. Brewer*
Simon C. Brewer