No. 24-3089

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

STATE OF ALASKA, et al.,

*Plaintiffs-Appellees*,

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

*Defendants-Appellants*.

_____

On Appeal from the United States District Court
for the District of Kansas District Court Case
No. 6:24-CV-01057-DDC-ADM

_____

# APPELLEES' UNOPPOSED MOTION TO EXPEDITE
# REVIEW OF THIS CASE
_____

Joseph D. Spate
Assistant Deputy Solicitor General
South Carolina Attorney General's Office
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
Tel: (803) 734-3371
*Attorney for the State of South Carolina*


July 5, 2024

Pursuant to Federal Rules of Appellate Procedure 2(a), 27, and 31(a)(2), and Tenth Circuit Rules 27.3 and 27.5(a)(7), Appellees/Cross-Appellants[1] the States of Alaska, South Carolina, and Texas (collectively, "the States") respectfully move that the Court enter an expedited briefing schedule in this case. Counsel for the Federal Appellants/Cross-Appellees (collectively, "the Department of Education") has indicated that they do not oppose expedited briefing.

Last year, the Supreme Court rejected an effort by the Biden Administration to cancel $430 billion of student debt. *See Biden v. Nebraska*, 600 U.S. 482 (2023). Notwithstanding that decision, the Biden Administration has promulgated a new rule that would cancel $475 billion of student debt. *See Improving Income Driven Repayment for the William D. Ford Federal Direct Loan Program and the Federal Family Education Loan (FFEL) Program*, 88 Fed. Reg. 43,820 (July 10, 2023) ("Final Rule"). Indeed, President Biden has announced that "[t]he Supreme Court tried to block me from relieving student debt. But they didn't stop me." Ingrid Jacques, *Courts Keep Telling Biden His Student Loan Scam Is Illegal. Will It Stop Him? Nah!*, USA Today (July 1, 2024).

On March 28, 2024, a group of 11 States challenged the Final Rule in the District of Kansas and moved for a preliminary injunction. The district court

---

[1] Earlier today, the States noticed a cross-appeal in the district court and anticipate that the Court will update the caption accordingly.

1

ultimately determined that Alaska, South Carolina, and Texas have Article III standing and, on June 24, 2024, issued a memorandum and order granting a preliminary injunction—though the order did not provide as broad of a preliminary injunction as the States sought. *See Alaska v. U.S. Dep't of Educ.*, No. 24-1057-DDC-ADM, 2024 WL 3104578 (D. Kan. June 24, 2024). The Final Rule became effective on July 1, 2024, meaning the first challenged loan cancelations here under the Final Rule will begin on August 1, 2024. *See* 88 Fed. Reg. at 43821.

On Sunday, June 30, the Court granted the Defendants' motion to stay the district court's injunction pending appeal in an unreasoned order over the dissent of Judge Tymkovich. Earlier today, the States noticed a cross-appeal of the district court's order of June 24, 2024.

Good cause exists to expedite this appeal for three primary reasons.

First, this appeal of a preliminary injunction concerns a federal rule worth hundreds of billions of dollars, even though just last year the Supreme Court rejected a similar effort to cancel student debt. In fact, in *Nebraska*, the Supreme Court granted certiorari before judgment—a truly extraordinary event. As the Supreme Court explained, because the major questions doctrine applies where, as here, a federal agency attempts to cancel hundreds of billions of dollars of debt, Congress must clearly authorize such cancelation. *See Nebraska*, 600 U.S. at 506. Here, the district court determined that Congress has not provided such clear authorization.

2

*See, e.g.*, *Alaska*, 2024 WL 3104578, at 10. This appeal thus is of extraordinary significance by any measure.

Second, this appeal is also extraordinarily time sensitive. The Final Rule is now in effect, and the Department will begin canceling loans on August 1, 2024. As the district court explained, those cancelations will irreparably harm the States. *See id.* at *15. They will also irreparably harm taxpayers across the nation. The Court should consider the merits of this significant case *before* the Department of Education begins unilaterally costing the federal government billions of dollars. For such an important rule, legal certainty is essential for every affected stakeholder.

Third, the Court's order staying the district court's preliminary injunction is unreasoned and the States submit, with respect, erroneous. Expedited merits briefing will allow the Court to consider the merits more fully and act to reduce the amount of irreparable harm caused by the Final Rule.

For these reasons, the States seek the following briefing schedule, such that the parties will not seek extensions of time to file their respective briefs:

- The Department of Education's Opening Brief: July 15, 2024;
- The States' combined Response Brief and Opening Cross-Appeal Brief: July 22, 2024;
- The Department of Education's combined Reply Brief and Cross-Appeal Response Brief: July 29, 2024;
- The States' Cross-Appeal Reply Brief: July 31, 2024.

The States do not believe that oral argument should be necessary, especially given the Supreme Court's decision in *Nebraska* and its decision regarding the appropriate requirements for arbitrary-and-capricious review last week in *Ohio v. EPA*, No. 23A349, 2024 WL 3187768 (U.S. June 27, 2024). The States thus urge the Court to affirm the district court without oral argument before August 1, 2024. If oral argument would aid the Court's decisional process, however, the States are willing to file their Cross-Appeal Reply Brief on July 30, 2024, and respectfully request the Court to schedule argument on July 31, 2024, or as soon as is practicable after briefing is completed.

    Respectfully Submitted,

    s/ Joseph D. Spate
    Joseph D. Spate
    Assistant Deputy Solicitor General
    South Carolina Attorney General's Office
    Rembert C. Dennis Building
    P.O. Box 11549
    Columbia, South Carolina 29211-1549
    Tel: (803) 734-3371
    *Attorney for the State of South Carolina*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Joseph D. Spate<br>
Joseph D. Spate

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a), and Tenth Circuit Rule 32, I certify that the attached Motion is proportionately spaced, has a typeface of 14 points or more, and contains 805 words.

                                        Date: July 5, 2024

                                        <u>s/ Joseph D. Spate</u>
                                        Joseph D. Spate

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that with respect to the foregoing: (1) all required privacy redactions have been made per 10th Cir. R. 25.5; (2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents; (3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Microsoft Defender, and according to the program are free of viruses.

                          Date: July 5, 2024

                          <u>s/ Joseph D. Spate</u>
                          Joseph D. Spate