IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

STATE OF ALASKA, et al.,

        Plaintiffs-Appellees,

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

        Defendants-Appellants.

No. 24-3089

**RESPONSE TO APPELLEES' UNOPPOSED MOTION
TO EXPEDITE REVIEW OF THIS CASE**

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), defendants-appellants respectfully submit this response to plaintiffs-appellees' motion to expedite the briefing schedule in this case. Although defendants do not oppose the proposed briefing schedule, certain inaccurate statements in the motion warrant clarification.

1.     In July 2023, the Department of Education promulgated a final rule amending the regulations governing income-contingent repayment plans for Federal Direct Loans. *See Improving Income Driven Repayment for the William D. Ford Federal Direct Loan Program and the Federal Family Education Loan (FFEL) Program*, 88 Fed. Reg. 43,820 (July 10, 2023). The rule amended and renamed an existing income-contingent repayment plan to create the Saving on Valuable Education (SAVE) plan. *See id.* at 43,820. Although the effective date for portions of the rule was July 1, 2024, the

Secretary of Education exercised his statutory authority to designate certain regulatory changes for early implementation beginning on July 30, 2023. *See id.* at 43,820-21.

2. In January 2024, the Secretary again exercised his early-implementation authority to designate the portion of the final rule shortening the maximum repayment window for SAVE plan enrollees to 10 years (from 20 or 25) of qualifying payments for loans with original balances of $12,000 or less.[1] *Improving Income Driven Repayment for the William D. Ford Federal Direct Loan Program and the Federal Family Education Loan (FFEL) Program*, 89 Fed. Reg. 2489 (Jan. 16, 2024). The result is that some repayment plans have been modified and some borrowers had their loan balances forgiven under the SAVE plan by late February 2024.

3. On March 28, 2024, plaintiffs filed this challenge to the SAVE plan under the Administrative Procedure Act. *See* Dkt. 1. On June 24, 2024, the district court preliminarily enjoined the Department from implementing certain portions of the final rule. Dkts. 76-77. The district court did not enjoin the shortened timeline to loan forgiveness under the SAVE plan, citing in part plaintiffs' "fail[ure] to proffer a reasonable explanation for the delay" in bringing this suit. *See* Dkt. 76, at 28.

---

[1] The rule provides for forgiveness after one additional year for each additional $1,000 in original loan balance above $12,000, up to the statutory 25-year maximum. 88 Fed. Reg. at 43,903; 20 U.S.C. § 1087e(d)(1)(D). A SAVE enrollee whose original balance was $14,000, for example, would be eligible for forgiveness after 12 years of qualifying payments.

2

On the government's motion, this Court stayed the preliminary injunction pending appeal. Order (June 30, 2024).

4. In a separate suit brought by different plaintiffs, the U.S. District Court for the Eastern District of Missouri preliminarily enjoined the Department "from any further loan forgiveness for borrowers under the Final Rule's SAVE plan" pending disposition of that case. *Missouri v. Biden*, 2024 WL 3104514, at *30 (E.D. Mo. June 24, 2024), *appeal filed* (June 27, 2024). The government believes the *Missouri* injunction is legally unsound and should be reversed on appeal, but it has not sought a stay pending appeal of that injunction. *See* Notice of Compliance, *Missouri v. Biden*, No. 24-cv-520 (E.D. Mo. June 28, 2024). Thus, "[u]pon receipt of the preliminary injunction and in compliance with it, [d]efendants immediately ceased processing any additional loan forgiveness for borrowers enrolled in SAVE on the shortened timelines provided for in the Final Rule. For the duration of the injunction's effect, [d]efendants will not grant any loan forgiveness under the shortened timelines provided for in the Final Rule." *Id.*[2]

---

[2] The plaintiffs in *Missouri* have filed a motion for clarification of the scope of the preliminary injunction in that case. The government's response to that motion is due July 8, 2024. Order, *Missouri v. Biden*, No. 24-cv-520 (E.D. Mo. July 3, 2024). Regardless of the *Missouri* court's disposition of the clarification motion, however, the Department will continue to not grant any additional loan forgiveness for borrowers enrolled in SAVE on the shortened timelines provided for in the Final Rule while the *Missouri* preliminary injunction remains in effect.

3

5. Appellees Alaska, South Carolina, and Texas now move for an order expediting the briefing schedule in this appeal and their cross-appeal.[3] The Court has taken this motion under advisement. Order (July 5, 2024). Although the government does not oppose the proposed briefing schedule, certain inaccurate statements in those plaintiffs' motion warrant this response.

6. The motion inaccurately states that "the first challenged loan cancelations here under the Final Rule will begin on August 1, 2024." Mot. 2; *see also id.* at 3 (stating that "the Department will begin canceling loans on August 1, 2024"). That is incorrect for two reasons. *First*, because the Department exercised its early implementation authority, some borrowers received debt cancellation under the SAVE plan as early as February 2023, well before this suit was filed. No portion of the final rule—including the shortened timeline to loan forgiveness—was ever scheduled to go into effect on August 1. *See* 88 Fed. Reg. at 43,820-21. *Second*, under the terms of the *Missouri* preliminary injunction, the Department will not grant any loan forgiveness under the shortened timelines provided for in the final rule while that injunction remains in effect.

---

[3] Alaska, South Carolina, and Texas have filed a notice of appeal of the district court's preliminary injunction order, while the other eight States that were plaintiffs below have filed a notice of appeal of the district court's order dismissing them from the case for lack of standing. Dkts. 88-89. Those other appeals have not yet received docket numbers in this Court. The government reserves all arguments, rights and defenses, including the right to raise any jurisdictional defects with respect to those other appeals.

7.	As a result, defendants do not agree that the Court should decide this appeal "without oral argument before August 1, 2024." Mot. 4. Because plaintiffs-appellees are incorrect about the legal significance of August 1, there is no need for the Court to decide this appeal on or before then. Defendants respectfully defer to the Court on whether oral argument should be scheduled and, if so, when. *See* Fed. R. App. P. 34.

Respectfully submitted,

MICHAEL S. RAAB
 *s/ Simon C. Brewer*
SIMON C. BREWER
(202) 616-5367
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Room 7529
  Washington, D.C. 20530

JULY 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2024, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Simon C. Brewer*
Simon C. Brewer

# CERTIFICATE OF COMPLIANCE

This response to a motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1001 words. It also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Simon C. Brewer*
Simon C. Brewer
