No. 24-3089

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

STATE OF ALASKA, et al.,

*Plaintiffs-Appellees*,

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

*Defendants-Appellants*.

_____

On Appeal from the United States District Court
for the District of Kansas District Court Case
No. 6:24-CV-01057-DDC-ADM

_____

# PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF UNOPPOSED MOTION TO EXPEDITE REVIEW OF THIS CASE
_____

Joseph D. Spate
Assistant Deputy Solicitor General
South Carolina Attorney General's Office
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
Tel: (803) 734-3371
josephspate@scag.gov
*Attorney for the State of South Carolina*

July 8, 2024

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Plaintiffs-Appellees respectfully submit this Reply in Support of their Unopposed Motion to Expedite Review of This Case ("Motion") to clarify any misunderstanding that may arise from Defendants-Appellants' Response, which alleges that Plaintiffs-Appellees' Motion is "inaccurate" and "incorrect" in requesting a decision on this appeal by August 1.

Each passing day is a harm to the States because their instrumentalities that hold FFELP loans will continue feeling the effects of borrowers consolidating those loans into direct federal loans that are eligible for the SAVE Plan. Such consolidation decisions happen in advance. But at a minimum, the Court should address this issue before borrowers' payments *become due* on their student loan bills under the lower payment provisions that have taken effect, which would be August 1 and onward.

## ARGUMENT

On July 5, 2024, Plaintiffs-Appellees filed their Motion to request expedited briefing and any possible oral argument prior to August 1, 2024, because loan cancellations under the SAVE Plan "will begin on August 1, 2024." Mot. (Jul. 5, 2024) at 2-4. That same day, this Court filed an order indicating that the Motion has been taken under advisement. Order (Jul. 5, 2024). On July 7, 2024, Defendants-Appellants filed a Response to the Motion, not to challenge Plaintiff-Appellees' proposed expedited briefing schedule but to argue that this appeal need not be

1

decided on or before August 1, 2024, because Plaintiff-Appellees are "incorrect about the legal significance of August 1." Resp. (Jul. 7, 2024) at 5. Specifically, Defendants-Appellants challenged the accuracy of Plaintiffs-Appellees' characterization of the legal significance of August 1 because 1) "some borrowers received debt cancellation under the SAVE plan as early as February 2023," and 2) Defendants-Appellants will not grant any loan forgiveness during the pendency of the preliminary injunction issued in *Missouri v. Biden*, 2024 WL 3104514 (E.D. Mo. June 24, 2024), *appeal filed* (June 27, 2024). *Id.* at 4.

In Reply, Plaintiffs-Appellees seek to clarify the "legal significance of August 1." Resp. at 5. As an initial matter, Plaintiffs-Appellees do not dispute that some borrowers have already received "loan forgiveness" under the SAVE Plan;[1] as much was raised in Plaintiffs-Appellees' Amended Complaint. *See* Defendants-Appellants' App.A121. Neither do Plaintiffs-Appellees dispute that the "loan forgiveness" portions of the SAVE Plan have been preliminarily enjoined by *Missouri*. Instead, Plaintiffs-Appellees submit that the aspects of the SAVE Plan that were enjoined by the District Court in the present case (before that injunction was

---

[1] On page 2 of their Response, Defendants-Appellants assert that loan forgiveness under the SAVE Plan occurred as early as February 2024, but then on page 4 they argue such loan forgiveness occurred as early as February 2023. Resp. at 2, 4. Plaintiffs-Appellants do not dispute that such loan forgiveness occurred as early as February 2024 but do not agree that such loan forgiveness occurred in February 2023 because the Final Rule had not yet been promulgated. The "February 2023" date appears to be a typo and this Reply will treat it as such.

2

stayed by this Court) will have the effect of cancelling loan amounts that borrowers would otherwise be required to pay.² And even though those aspects of the SAVE Plan went into effect on July 1, their full impact will be felt starting August 1.

1. *Cancellation of Loans.*

Plaintiffs-Appellants argue that, even in the absence of the SAVE Plan's outright "loan forgiveness" aspects, the Plan's lower monthly loan payments still amount to an illegal grant of money to borrowers since such "payments" under the Plan do not actually repay any principal amounts due in most cases. *See* Defendants-Appellants' App.A144. The Biden Administration has acknowledged that of the "[n]early 8 million borrowers [who] have enrolled in the SAVE plan, 4.5 million borrowers have a monthly payment of $0 . . . ." THE WHITE HOUSE, *President Joe Biden Outlines New Plans to Deliver Student Debt Relief to Over 30 Million Americans Under the Biden-Harris Administration* (Apr. 8, 2024), https://bit.ly/4cvvkzE. Even if SAVE Plan enrollees do not receive outright "loan forgiveness" for unpaid loan amounts after 10 years of payments, over half of enrollees have a $0 monthly payment, so their loans are still effectively cancelled. And as it relates to the States, the fact that the SAVE Plan still dramatically lowers monthly student loan payments incentivizes borrowers to consolidate their FFELP

---

² On July 5, 2024, Plaintiffs-Appellants filed a Notice of Cross Appeal of the preliminary injunction as to other portions of relief that were denied by the District Court. Dkt. No. 89. That appeal has not yet received a docket number in this Court.

loans held by state instrumentalities into direct federal loans that are compatible with the SAVE Plan, resulting in loss of interest revenue to the States. *See* Defendants-Appellants' App.A67, A141-43.

2. *Legal Significance of August 1, 2024.*

Although the lower payments provision went into effect July 1, 2024, student loan borrowers who enroll in the SAVE Plan will not see a difference in their bills until sometime after that date because loan servicers must update borrowers' bills and send billing statements before the next payment is due. First-time payers are informed of their monthly payment amount at least 30 days before their first payment is due. FEDERAL STUDENT AID, AN OFFICE OF THE U.S. DEPARTMENT OF EDUCATION, *Repaying Student Loans for the First Time*, https://tinyurl.com/dpppkrm6. After that initial notification, loan servicers send billing statements at least 21 days before payment is due. *Id.*; *see also* FEDERAL STUDENT AID, AN OFFICE OF THE U.S. DEPARTMENT OF EDUCATION, *Repaying Student Loans 101*, https://tinyurl.com/268zpmzb. Thus, some SAVE Plan enrollees likely received updated student loan repayment bills on or after July 1 reflecting lower payments that are due on or after July 22 (i.e., 21 days after the SAVE Plan went into effect). However, Plaintiffs-Appellees' have focused the Court's attention on the more conservative target of August 1, 2024, which is approximately 30 days after the SAVE Plan went into effect. Even though the states continue to experience daily

4

harm from the Final Rule, the States' Motion seeks a schedule that is as reasonable as an expedited one can be.

Additionally, if the Department goes against past practice and says the payments are actually due in early July, then that would increase the urgency of a faster ruling. Therefore, in either scenario, expedited appellate review is necessary to prevent further irreparable harm against the states.

## CONCLUSION

Although the States face ongoing harms from the Final Rule, the previously enjoined aspects of the SAVE Plan will come to full fruition on August 1, 2024. That's why this Court should grant Plaintiffs-Appellants' Unopposed Motion to Expedite Review of This Case.

    Respectfully submitted,

    s/ Joseph D. Spate
    Assistant Deputy Solicitor General
    South Carolina Attorney General's Office
    Rembert C. Dennis Building
    P.O. Box 11549
    Columbia, South Carolina 29211-1549
    Tel: (803) 734-3371
    *Attorney for the State of South Carolina*

July 8, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<pre>
                                        s/ Joseph D. Spate
                                        Joseph D. Spate
</pre>

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a), and Tenth Circuit Rule 32, I certify that the attached Motion is proportionately spaced, has a typeface of 14 points or more, and contains 1106 words.

Date: July 8, 2024

s/ Joseph D. Spate
Joseph D. Spate

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing: (1) all required privacy redactions have been made per 10th Cir. R. 25.5; (2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents; (3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Microsoft Defender, and according to the program are free of viruses.

Date: July 8, 2024

<u>s/ Joseph D. Spate</u>
Joseph D. Spate